UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 8:08-cr-00149-RAL-AEP

ALBERTO AGUIRRE-OROZCO

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant Alberto Aguirre-Orozco's Motion for Relief from Judgment Pursuant to 18 U.S.C. § 3582(c) and Section 603(B) of the First Step Act (Doc. 232) and the United States of America's Response in Opposition to Defendant's Motion for Compassionate Release (Doc. 234). Proceeding *pro se*, Aguirre-Orozco requests the Court reduce his sentence due to his rehabilitation, disparity in sentencing, change in law, disadvantaged youth, sentence length, amount of time served, and inequity (Doc. 232, at 1). The District Judge referred the Motion to the undersigned for a Report & Recommendation. Upon careful consideration of the parties' positions, the undersigned finds, for the reasons stated herein, that Defendant's Motion (Doc. 232) is due to be granted.

### I.   Background

Alberto Aguirre-Orozco was indicted on charges of Conspiracy to Possess with Intent to Distribute 500 Grams or More of Methamphetamine and Possession with the Intent to Distribute 5 Grams or More of Methamphetamine (Doc. 13). After a jury found Aguirre-Orozco guilty of both charges, he was sentenced to a

term of life imprisonment (Doc. 131). Aguirre-Orozco was sentenced to life imprisonment based on enhanced penalties under 21 U.S.C. § 841(b)(1)(A) due to prior felony drug convictions (Presentence Investigation Report ("PSR"), ¶ 99).

Aguirre-Orozco is incarcerated at USP Lee in West Virginia, is 52 years old, and is not projected to be released. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed October 15, 2025). Aguirre-Orozco has served roughly 17 years of his sentence (Doc 232, at 8). On November 29, 2022, Aguirre-Orozco submitted a notice and request to the warden regarding his intent to seek compassionate release, but to date, the warden has not responded (Doc. 232, at 3).

## II.    Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c), which states, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term

of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, § 1B1.13(b) lists the following extraordinary and compelling reasons:

(1)     Medical circumstances
(2)     Age
(3)     Family circumstances
(4)     Victim of abuse
(5)     Other reasons
(6)     Unusually long sentence.

3

U.S.S.G. § 1B1.13(b). Each of these reasons is further defined in the Guidelines'

policy statement. The policy statement definitions are binding on courts in this

Circuit. *Bryant*, 996 F.3d at 1262.

If the Court finds that extraordinary and compelling reasons warrant such a

reduction, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before

it may reduce a defendant's sentence.[1] *See* § 3582(c)(1)(A); *United States v. Giron*, 15

F.4th 1343, 1347–48 (11th Cir. 2021) ("[A] district court need not analyze the §

3553(a) factors if it finds either that no extraordinary and compelling reason exists

or that the defendant is a danger to the public.").

**III.    Discussion**

Aguirre-Orozco argues that factors such as rehabilitation, disparity in

sentencing, change in law, disadvantaged youth, sentence length, amount of time

served, and inequity warrant a sentence reduction (Doc. 232, at 1). The United

States primarily argues that U.S.S.G. § 1B1.13(b)(6), which states that an

"unusually long sentence" can constitute an extraordinary and compelling reason

---

[1] These factors include: (1) the nature and circumstances of the offense and the history
and characteristics of the defendant; (2) the need for the sentence imposed to reflect the
seriousness of the offense, to promote respect for the law, and to provide just punishment
for the offense; to afford adequate deterrence to criminal conduct; to protect the public
from further crimes of the defendant; and to provide the defendant with needed
educational or vocational training, medical care, or other correctional treatment in the
most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and
the sentencing range established for the applicable category of offense committed by the
applicable category of defendant as set forth in the guidelines; (5) any pertinent policy
statement issued by the Sentencing Commission; (6) the need to avoid unwarranted
sentence disparities among defendants with similar records who have been found guilty
of similar conduct; and (7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

warranting a sentence reduction, is invalid (Doc. 234, at 6–18). Further, the United States argues that even if the Court finds an extraordinary and compelling reason exists, Aguirre-Orozco is still a danger to the community, and the § 3553(a) factors weigh against his release (Doc. 234, at 18–19). As a threshold matter, both parties agree that the Court may decide the merits of Aguirre-Orozco's motion because he exhausted his administrative remedies by requesting a sentence reduction motion from the warden and waiting 30 days for a response (Docs. 232, at 3; 234, at 4). The undersigned will first turn to the existence of extraordinary and compelling reasons before considering danger to the community and analyzing Aguirre-Orozco's circumstances using the § 3553(a) factors.

### A. Extraordinary and Compelling Reasons

Aguirre-Orozco primarily invokes U.S.S.G. §§ 1B1.13(b)(5) and (b)(6) as the bases for granting relief in his case (Doc. 232, at 6). Subsection (b)(5) is a catchall provision for "other reasons" similar in gravity to the reasons listed in §§ (b)(1)–(4). Under § (b)(6), an "unusually long sentence" can constitute an extraordinary and compelling reason for a sentence reduction if the defendant has served at least ten years of their sentence and a change in law would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" after considering the defendant's individualized circumstances. U.S.S.G. § 1B1.13(b)(6). Aguirre-Orozco also argues that his rehabilitation while imprisoned weighs in favor of a sentence reduction. The undersigned will address each of these arguments in turn.

### i.    Other Reasons and Unusually Long Sentence

First, Aguirre-Orozco does not put forward facts that indicate he has "other reasons" similar in gravity to the medical circumstances, age, family circumstances, or abuse victim provisions of subsections (b)(1)–(4). Aguirre-Orozco, however, makes a compelling argument that he has an "unusually long sentence." First, Aguirre-Orozco has served the requisite 10 years of the term of imprisonment to invoke subsection (b)(6), having served 17 years of his life sentence. Turning to the length of the sentence, the undersigned first notes an important change in the statute that forms the basis for Aguirre-Orozco's life sentence. At the time he was sentenced, the statute prescribed a mandatory minimum life sentence for offenders with two or more prior convictions for serious drug felonies. Now, that same subsection states that "such person shall be sentenced to a term of imprisonment of not less than 25 years." 21 U.S.C. § 841(b)(1)(A)(viii). Considering the change in the statutory mandatory minimum sentence, the undersigned concludes his life sentence is, indeed, "unusually long" within the meaning of U.S.S.G. § 1B1.13(b)(6).

Additionally, Aguirre-Orozco's sentence is much longer than the guideline range based on his offense and criminal history. The change in the guideline range is "an amendment to the Guidelines Manual that has not been made retroactive" and, therefore, cannot be considered to determine whether an extraordinary and compelling reason exists. *Id.* § 1B1.13(c). However, it can be considered to determine the extent of such a reduction. *Id.* Aguirre-Orozco's PSR listed an offense

level of 36 and a criminal history category of 3 (PSR, ¶¶ 66, 74). For that combination of offense and criminal history, the guideline range is 235–293 months. The drug quantity tables have been adjusted since Aguirre-Orozco's sentencing, so the "at least 8.49 kilograms of methamphetamine" he conspired to distribute would be categorized today at Level 34 rather than Level 36 (PSR, ¶ 54). *See* U.S.S.G. § 2D1.1(c)(3) (assigning "[a]t least 5 KG but less than 15 KG of Methamphetamine" to Level 34). A total offense level of 34 and a criminal history category of 3 would subject Aguirre-Orozco to a guideline range of 188–235 months, the enhanced statutory penalty notwithstanding.

The United States counters Aguirre-Orozco's argument about the length of his sentence not by arguing that the sentence is not too long, but by attacking the Sentencing Commission's authority to promulgate subsection (b)(6). The government contends that the Commission's interpretation of "extraordinary and compelling" to include an unusually long sentence is unreasonable and therefore invalid (Doc. 234, at 7–8). The government asserts that the Sentencing Commission's decision to add subsection (b)(6) is contrary to the  plain meaning, context, and primary purpose of 18 U.S.C. § 3582(c)(1)(A)(i). As a matter of plain language, the government notes that the majority of circuit courts have concluded that intervening changes in law are neither extraordinary nor compelling but concedes that there is a circuit split and that the Eleventh Circuit has not addressed the issue (Doc. 234, at 7–8, n. 2). Further, the government contends that the context of § 3582(c) weighs against the Sentencing Commission's interpretation because, in

the very next section after extraordinary and compelling reasons are addressed, the statute addresses retroactive application of some changes in law by authorizing courts to modify a sentence where the defendant was sentenced "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The government argues that 28 U.S.C. § 2255 is the more appropriate vehicle for a federal prisoner's challenge of their sentence. Next, the government argues that the primary purpose of the Sentencing Reform Act was to create more determinate sentencing, with § 3582(c)(1)(A) acting as a narrow "safety valve" for "unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances." S. Rep. No. 98-225, at 55, 121 (1983) (Senate Report). Finally, the government argues that subsection (b)(6) presents separation-of-powers issues because it, in essence, allows courts to "ignore Congress's retroactivity determinations on a case-by-case basis" (Doc. 234, at 14).

The undersigned finds the government's arguments against subsection (b)(6) very compelling. However, in the absence of any binding authority from the Eleventh Circuit, the undersigned cannot recommend invalidating the Sentencing Commission's interpretation. Courts within the Eleventh Circuit have used subsection (b)(6) to determine that defendants have extraordinary and compelling reasons that merit a sentence reduction, and the undersigned recommends that this Court do the same until a higher court resolves the issue. *See United States v. Pubien*, No. 06-60350-CR, 2024 WL 4296060 (S.D. Fla. Mar. 21, 2024) (rejecting the

government's challenge to the validity of subsection (b)(6)); *United States v. Ware*, No. 1:97-CR-00009-SCJ, 2024 WL 1007427 (N.D. Ga. Mar. 6, 2024) (same); *United States v. Borja-Antunes*, No. 5:11-CR-17-JA-PRL, 2025 WL 2821203 (M.D. Fla. Oct. 3, 2025) (same).

### ii.    Rehabilitation

Aguirre-Orozco argues that his rehabilitation while imprisoned warrants a reduction in his sentence. Rehabilitation alone cannot be an extraordinary and compelling reason to merit a sentence reduction, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Here, Aguirre-Orozco has completed many treatment and self-help programs while incarcerated (*See* Doc. 232, at 35). He works as a Unit Orderly, and BOP has determined he has a "low risk" of recidivism (Doc. 232, ¶ 9). Furthermore, Aguirre-Orozco argues that he has a short disciplinary record in prison, which includes only minor, nonviolent infractions (Doc. 232, at 36). The government offers no argument against Aguirre-Orozco's purported rehabilitation, arguing only that it does not itself warrant a sentence reduction (Doc. 234, at 6). While this is true, the undersigned has considered rehabilitation in combination with Aguirre-Orozco's unusually long sentence and concludes that his record weighs in favor of a sentence reduction.

### B. Danger to the Community

Having found that extraordinary and compelling reasons warrant a sentence reduction, the undersigned now turns to whether Aguirre-Orozco presents a danger to the community. A defendant's sentence can only be reduced if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). 18 U.S.C. § 3142(g) requires courts to consider the available information concerning the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the offender, and the nature and seriousness of the danger to anyone posed by release.

Here, Aguirre-Orozco concedes that he was convicted of a serious drug offense, and the government emphasizes that he "exposed the public to significant quantities of methamphetamine on multiple occasions" (Doc. 234, at 18). The government emphasizes the defendant's past criminal history of drug trafficking even after previous episodes of incarceration for similar conduct (Doc. 234, at 18). Further, the government argues that Aguirre-Orozco was deported and illegally reentered the country to commit the crimes for which he is currently incarcerated (Doc. 234, at 18). The government also asserts that Aguirre-Orozco's record of being disciplined for six counts of prohibited conduct between 2010 and 2023 indicates that he continues to persist in criminal behavior (Doc. 234, at 18). A review of Aguirre-Orozco's record shows six infractions: "being in unauthorized area," "destroy/dispose item – search," "disruptive conduct – greatest," "failing to stand count," and two instances of "possessing a hazardous tool" (Doc. 232, at 36).

10

These descriptions of the infractions, without more, cannot be used to demonstrate that Aguirre-Orozco is dangerous to the community. The undersigned recognizes the dangerous nature of Aguirre-Orozco's criminal history with drugs but notes that his criminal history does not involve violent crimes or the use of a firearm. Moreover, Aguirre-Orozco's age (52 years old), exemplary prison record of education and work, and minimal disciplinary actions, as well as his low recidivism risk assessment, all support the conclusion that he no longer presents a danger to the community.

### C. The § 3553(a) Factors

Finally, the Court must consider the relevant § 3553(a) factors in determining whether a sentence reduction is appropriate. *See* 18 U.S.C. § 3582(c)(2). Section 3553(a)'s factors are similar to the § 3142(g) factors and include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a)(1)–(2). A unique factor under § 3553(a) is "the need to avoid unwarranted sentenc[ing] disparities." *Id.* § 3553(a)(6). Here, the undersigned has addressed many of the factors that indicate Aguirre-Orozco is not a danger to the public. He was convicted of a serious—but nonviolent—drug crime. Since then, he has spent 17 years in prison, where he has educated and improved himself. Importantly, his sentence is based on a mandatory minimum that has been greatly reduced from life

to 25 years, which permits the Court to alleviate the sentencing disparity between Aguirre-Orozco and defendants sentenced today.

### IV.    Conclusion

As discussed, Aguirre-Orozco has presented "extraordinary and compelling reasons" under § 1B1.13(b)(6) and (d) that merit a reduction of his sentence. His release would not endanger the community, and the § 3553(a) factors favor the reduction in sentence. Accordingly, it is hereby

RECOMMENDED:

1.    Aguirre-Orozco's  Motion for Relief from Judgment Pursuant to 18 U.S.C. § 3582(c) and Section 603(B) of the First Step Act (Doc. 232) be GRANTED.

2.    The Court resentence Aguirre-Orozco to a term of imprisonment of not less than twenty-five years.

IT IS SO REPORTED in Tampa, Florida, this 9th day of January 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. Richard A. Lazzara
       Counsel of Record
       Defendant, *pro se*